UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MILTON WAYNE NETTLES, § | | |
| TDCJ No. 02188045, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil No. SA-19-CA-0571-FB |
| § | | |
| BOBBY LUMPKIN,[1] Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Milton Wayne Nettles's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and supplemental Memorandum in Support (ECF Nos. 1 and 2), respondent Bobby Lumpkin's Answer (ECF No. 15), and petitioner's Reply (ECF No. 17) thereto.  Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *See* 28 U.S.C. § 2254(d).  Petitioner is also denied a certificate of appealability.

**I.   Background**

In February 2018, petitioner pleaded guilty to the offense of indecency with a child by exposure, a charge that was enhanced to a second-degree felony due to petitioner's previous conviction for a similar offense.  (ECF No. 16-6 at 38-41, 69-80).  Pursuant to the plea bargain

---

[1]   The previous named respondent in this action was Lorie Davis.  On August 10, 2020, Bobby Lumpkin succeeded Ms. Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division.  Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Lumpkin is automatically substituted as a party.

agreement, petitioner judicially confessed to committing the offense, acknowledged the range of punishment, and waived his right to a jury trial. *Id*. In exchange, the State waived one of the two habitual-offender enhancements and agreed to cap the possible punishment range to eighteen years of confinement. *Id*. Following a separate punishment hearing, the trial court sentenced petitioner to fifteen years of imprisonment. *State v. Nettles*, No. 2017-CR-4192 (175th Dist. Ct., Bexar Cnty., Tex. Feb. 20, 2018); (ECF Nos. 16-5 at 15, 16-6 at 79-80).

Although he also waived the right to appeal as part of the plea bargain agreement, petitioner nevertheless appealed his conviction and sentence to the Texas Fourth Court of Appeals. Because he had no right to appeal, however, the Fourth Court dismissed petitioner's appeal in an unpublished, per curiam opinion. *Nettles v. State*, No. 04-18-00186-CR, 2018 WL 2694454 (Tex. App.–San Antonio, June 6, 2018, no pet.); (ECF No. 16-2). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals (TCCA). Instead, he challenged the constitutionality of his state court conviction and sentence by filing a state habeas corpus application, but the TCCA eventually denied the application without written order on May 8, 2019. *Ex parte Nettles*, No. 35,505-04 (Tex. Crim. App.); (ECF Nos. 16-16 at 4-20; 16-20). Petitioner initiated the instant federal proceedings on May 22, 2019. (ECF No. 1 at 10).

In the petition and supporting memorandum, petitioner appears to raise the same allegations that were rejected by the TCCA during his state habeas proceedings: (1) he was denied the effective assistance of counsel,[2] (2) his conviction violates double jeopardy principles, (3) he was subject to

---

[2] Although far from clear, petitioner appears to fault counsel for: (a) failing to investigate why it took 54 days from the time of his arrest to indict him, (b) failing to investigate whether police had a valid search warrant at the time of his arrest or read him his *Miranda* warnings, (c) failing to investigate the use of deadly force by police at the time of his arrest, (d) refusing to allow his mother into the courtroom, (e) coercing him to enter the plea deal by guaranteeing he would receive deferred adjudication, (f) failing to file a motion to quash the indictment, and (g) failing to object to the prosecution's questions to his mother during sentencing.

an illegal arrest and was not read his *Miranda* rights, (4) his indictment was fundamentally defective because it failed to allege "recklessness," and (5) his counsel failed to investigate and call alibi witnesses at the guilt/innocence phase. Petitioner also raises a new claim for relief: (6) his state habeas application was improperly denied without written order.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a

"substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Analysis

Petitioner asserts several allegations challenging (1) trial counsel's performance both before and during his trial, (2) the violation of both double jeopardy and *Miranda* principles, (3) the legality of his arrest, and (4) the sufficiency of his indictment. Because he voluntarily pleaded guilty to the conviction he is now challenging under § 2254, however, petitioner waived the right to challenge all non-jurisdictional defects in his proceeding. Moreover, each of these allegations were rejected by the state court during petitioner's state habeas proceedings. Federal habeas relief is therefore unavailable because petitioner has not shown that the state court's merits adjudication was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *Richter*, 562 U.S. at 101.

**A.     Claims Waived by Petitioner's Guilty Plea (Claims 1(a)-(c), 1(f), 3, 4, and 5).**

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences."

*Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).  A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him."  *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted).  And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion.  *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997).  The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates petitioner's plea of no contest was a voluntary and intelligent choice and was not a result of any misrepresentation.  On the day of his trial, petitioner signed a "Waiver, Consent to Stipulation of Testimony and Stipulations" wherein he admitted his counsel, Phillip Perez, had fully explained his rights to him and that he understood those rights.  (ECF No. 16-6 at 38-41).  Petitioner knowingly and voluntarily agreed to waive those rights, admitted that the evidence against him was true and correct, and confessed to committing the crime as charged in the indictment.  *Id*.

The voluntariness of petitioner's plea is also demonstrated by petitioner's signature on the plea-bargain agreement itself, entitled "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions."  (ECF No. 16-6 at 72-78).  Among other things, the agreement states petitioner (1) was represented by counsel who explained to him his legal rights, (2) understood the nature of the charges in the indictment and the range of potential punishment, (3) has not been threatened, coerced, or promised anything not set forth in the plea agreement, and (4) was satisfied with the advice of his attorney.  *Id*.  Counsel for petitioner also signed the agreement, stating that he

discussed with petitioner the rights he was waiving and indicating his belief that petitioner was mentally competent and voluntarily relinquished those rights. *Id*. at 75. The trial judge then gave her approval of the agreement, concluding:

> It plainly appearing that the Defendant is mentally competent; that his waivers have been entered voluntarily, in full knowledge of his rights; that the admonishments of the Court have been understood by the Defendant; that the Defendant's plea has not been induced by improper persuasion; and that the Defendant persists in his plea. The Defendant's plea is now accepted by the Court and the balance of this document is likewise ORDERED filed among the papers of this cause.

*Id*. at 76.

Finally, petitioner appeared in open court and was again admonished by the trial court about the enhanced charges against him, the range of punishment he was facing, and his right to a jury trial. (ECF No. 16-4 at 4-12). Petitioner indicated that he had discussed the issues with his counsel and understood the charges and the rights he was giving up. *Id*. Petitioner then admitted he had not been threatened, coerced, or promised anything other than the terms of the plea agreement, and counsel confirmed that his client was competent and capable of assisting him in preparing for trial. *Id*. at 10-11. The trial court then accepted petitioner's plea and found the evidence was sufficient to support it. *Id*. at 11-12.

Petitioner's formal declarations in open court carry "a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral attack. *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Petitioner's signature on the guilty plea documents is also *prima facie* proof of the validity of the pleas and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). Because petitioner has not provided any evidence or argument that would overcome

these "strong presumptions of verity," this Court denies any allegation made by petitioner concerning the validity of his guilty pleas. *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

Moreover, by entering a knowing, intelligent, and voluntary guilty plea, petitioner has waived all non-jurisdictional defects preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013). This rule encompasses errors of constitutional dimension that do not affect the voluntariness of the plea, such as petitioner's claims concerning alleged *Miranda* violations and governmental misconduct during the investigation and arrest (Claim 3) as well as claims concerning the purported defects in his indictment (Claim 4). *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (citations omitted); *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) ("Franklin's claims regarding *Miranda* warnings, coerced confessions, perjury, and illegal searches and seizures are not jurisdictional in nature and thus do not require our consideration."); *see also United States v. Williams*, 577 F. App'x 379, 380 (5th Cir. 2014) (unpublished) (waiving claim that indictment was defective); *United States v. Templet*, 431 F. App'x 270, 271 (5th Cir. 2011) (same).

The waiver likewise includes claims of ineffective assistance of counsel (IATC claims) unless the alleged ineffectiveness relates to the voluntariness of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (waiving claims of ineffective assistance, except for claims related to voluntariness of plea). As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself. *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).

Here, in Claims 3 and 4, petitioner challenges the legality of his arrest, the alleged violation of Fourth Amendment and *Miranda* principles, and the sufficiency of the indictment against him. In Claims 1(a)-(c), 1(f), and 5, petitioner contends his trial counsel was ineffective for (1) failing to quash the indictment or challenge the length of time it took to indict him, (2) failing to investigate Fourth Amendment issues, *Miranda* issues, or the "deadly force" used by police to arrest him, and (3) failing to call alibi witnesses at the guilt/innocence phase. But petitioner fails to demonstrate how these allegations relate in any way to the voluntariness of his guilty plea. Accordingly, these claims are waived by petitioner's knowing, voluntarily, and intelligent guilty plea.

**B.    The Remaining IATC Claims (Claims 1(d), 1(e), and 1(g)).**

Petitioner does make two IATC allegations that precede his guilty plea that may, if successful, implicate the voluntariness of the plea: (1) that counsel refused to let petitioner's mother in the courtroom during the plea, and (2) counsel coerced petitioner into signing the plea deal by guaranteeing he would receive deferred adjudication. Petitioner also alleges that counsel was ineffective at the short sentencing proceeding that followed his guilty plea. Again, a valid guilty plea waives all non-jurisdictional defects—including an IATC claim—unless the IATC claim follows the guilty plea or goes to the voluntariness of the plea. *Smith*, 711 F.2d at 682. Thus, the Court considers petitioner's IATC claims to the extent they may implicate the voluntariness of his plea or do not precede the guilty plea. *Hill*, 474 U.S. at 56 (citing *Tollett*, 411 U.S. at 267).

The appropriate standard to evaluate the effectiveness of counsel with regard to a guilty plea is the familiar *Strickland* two-part test. *Hill*, 474 U.S. at 58 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under *Strickland*, petitioner must demonstrate: (1) counsel's performance was deficient, and (2) this deficiency prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668,

687-88, 690 (1984). To establish counsel's performance was deficient, a petitioner must first show his counsel's performance fell below "an objective standard of reasonableness." *Id*. at 688–89. But, in the context of a guilty plea, proving *Strickland*'s prejudice requirement turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S at 59. This means, "in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and, instead, "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citations omitted). This assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*.

       1.      <u>Failure to allow his mother into the courtroom</u> (Claim 1(d)).

Petitioner contends that counsel prevented his mother from entering the courtroom prior to his pleading guilty. Other than repeating this fact throughout his lengthy petition, however, petitioner made no attempt to show that counsel was deficient in this regard. Indeed, the record indicates that petitioner's mother may not have been allowed in the room "due to safety concerns and instructions from bailiffs." (ECF No. 16-19 at 23, 27). Petitioner's conclusory allegations are not enough to establish deficient performance under *Strickland*. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)).

Furthermore, petitioner fails to demonstrate how the absence of his mother from the courtroom prejudiced him, much less that counsel's performance "affected the outcome of the plea process." *Hill*, 474 U.S at 59. Conclusory assertions of prejudice such as those contained in petitioner's pleading are insufficient to support a claim for ineffective assistance of counsel. *Day*

*v. Quarterman*, 566 F.3d 527, 540-41 (5th Cir. 2009) (citing *Miller*, 200 F.3d at 282). Therefore, petitioner fails to establish that his guilty plea was involuntary due to counsel's failure to accommodate petitioner's mother in the courtroom during the plea agreement.

    2.    <u>Coerced guilty plea</u> (Claim 1(e)).

Petitioner next contends that his plea was involuntary because counsel misled him about his chances of receiving deferred adjudication if he accepted the plea offer. According to petitioner, the State did not oppose deferred adjudication so counsel "guaranteed" he would get deferred adjudication if he signed all of the waivers and the plea agreement. But as discussed previously, the plea agreement and petitioner's formal declarations in open court demonstrate petitioner's awareness of the "relevant circumstances and likely consequences" of his plea. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Indeed, the plea bargain itself stated that the State opposed deferred adjudication. (ECF No. 16-6 at 77). The plea agreement also stated petitioner understood the terms of the plea agreement, that his attorney has explained the legal effects of the agreement, and he was not coerced or misled into making the plea.

Moreover, petitioner testified in open court that he understood the punishment range he was facing as a result of his guilty plea. (ECF No. 16-4 at 8) (stating he understood he was facing two to twenty years in prison and that the State had recommended a cap of eighteen years). Petitioner even acknowledged his understanding that the State opposed his request for deferred adjudication. *Id*. Thus, the record in this case demonstrates on numerous occasions that petitioner was well-aware of the punishment range and that the State would oppose his request for deferred-adjudication probation.

Conversely, petitioner is unable to point to anything in the record to support his assertion that counsel guaranteed he would receive deferred adjudication. Again, petitioner's conclusory and unsupported allegations of counsel's misrepresentations are not enough to establish deficient performance under *Strickland*. *See Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013); *Demik*, 489 F.3d at 646. Petitioner thus fails to establish that his guilty plea was involuntary due to any alleged deficiencies in counsel's performance.

Regardless, even assuming counsel was deficient, petitioner still cannot show he would not have accepted the current plea and would have instead insisted on going to trial but for counsel's errors. *Armstead*, 37 F.3d at 206. Again, such an assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*. The record is silent as to whether petitioner would have made the decision to plead not guilty and go to trial had counsel not allegedly guaranteed deferred adjudication. In signing the waiver and stipulations of the trial court, however, the record does indicate that counsel fully explained his rights and the plea agreement to petitioner, that petitioner understood the plea was for an enhanced second-degree felony with the possible sentence of up to twenty years of imprisonment, and that petitioner admitted he committed the offense and the charged enhancement. Thus, based on the record before the Court, it appears unlikely petitioner would have chosen to go to trial. Accordingly, federal habeas relief must be denied because petitioner fails to meet his burden of proof under the AEDPA. 28 U.S.C. § 2254(d).

3. <u>Punishment phase questioning</u> (Claim 1(g)).

In his last IATC claim, petitioner contends counsel was ineffective for failing to object to the prosecutor's questioning of his mother during sentencing. According to petitioner, the prosecutor said a lot of discriminating things about petitioner but counsel failed to raise any objections.

Petitioner fails to specify any objectionable questions or comments made by the prosecutor during his cross-examination of petitioner's mother. As a result, petitioner's conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel. *Demik*, 489 F.3d at 646; *Miller*, 200 F.3d at 282.

Furthermore, trial counsel have broad discretion when it comes to deciding how best to proceed strategically. *See Ward v. Stephens*, 777 F.3d 250, 264 (5th Cir. 2015) (the Supreme Court has emphasized counsel has "wide latitude in deciding how best to represent a client"). Because decisions regarding cross-examination are strategic, they usually "will not support an ineffective assistance claim." *United States v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014) (citation omitted); *see also Castillo v. Stephens*, 640 F.Appx. 283, 292 (5th Cir. 2016) (unpublished) (finding that speculation "about the effect of tinkering with the cross-examination questions is exactly the sort of hindsight that *Strickland* warns against."). Indeed, counsel's choice of a defense and his strategy in arguing that defense to a jury are "virtually unchallengeable." *Strickland*, 466 U.S. at 690.

Here, petitioner raised this allegation during his state habeas proceeding. After obtaining an affidavit from petitioner's trial counsel, the state habeas court found that counsel "exercised discretionary trial strategy when determining whether or not to object at sentencing." (ECF No. 16-19 at 27). As counsel's strategic decision not to object is "virtually unchallengeable," petitioner fails to establish that the state court's decision was either contrary to or an unreasonable application of *Strickland*. Federal habeas corpus relief is therefore unwarranted.

C.   **Double Jeopardy (Claim 2).**

Petitioner next alleges that his conviction for indecency with a child by exposure violates the principles of double jeopardy. Although unclear, petitioner appears to take issue with the fact that

his judgment ordered him to have no further contact with certain individuals (Ilse Mora and Natalie Proo) despite the fact that the misdemeanor charges related to these individuals had been dismissed. However, petitioner provides no relevant argument or support for his contention that this somehow violates his rights against double jeopardy. "[A]bsent evidence in the record," a court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983)). Petitioner's allegation is conclusory and thus does not state a claim for federal habeas corpus relief. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (finding that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

Furthermore, to the extent petitioner's allegation can be read to assert that the use of his prior indecency convictions to enhance the instant charge against him violated the Double Jeopardy Clause, the allegation fairs no better. Such arguments are categorically foreclosed by both Supreme Court and Fifth Circuit precedent holding the use of a prior conviction for enhancement purposes does not violate double jeopardy. *See Ewing v. California*, 538 U.S. 11, 25 (2003) ("The constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge.") (quoting *Oyler v. Boles*, 368 U.S. 448, 451 (1962)); *United States v. Simpson*, 796 F.3d 548, 555 (5th Cir. 2015) (finding "double jeopardy principles are not offended by the use of prior convictions to enhance subsequent convictions.") (citation omitted). The state court's rejection of this claim was therefore reasonable, and relief is denied.

D.     **The Indictment (Claim 4).**

Petitioner next challenges the sufficiency of the indictment against him, arguing the indictment was flawed because it did not allege "recklessness" or the proper elements of the offense.

-13-

As discussed previously, this allegation was waived by petitioner's knowing, intelligent, and voluntary guilty plea. *See Williams*, 577 F.App'x at 380 (finding a valid guilty plea waives claim that indictment was defective); *Templet*, 431 F.App'x at 271 (same).

Nevertheless, the sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction. *Evans v. Cain,* 577 F.3d 620, 624 (5th Cir. 2009). State law dictates whether a state indictment is sufficient to confer a court with jurisdiction. *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994). As such, this Court is "required to accord due deference to the state's interpretation of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction." *Id*. at 69 (citations omitted). The issue is foreclosed from consideration on federal habeas review if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007) (citation omitted).

Here, petitioner's claim concerning the sufficiency of the indictment was presented to the TCCA during petitioner's state habeas proceedings. (ECF No. 16-16 at 15-16). The TCCA subsequently denied the application without written order. (ECF No. 16-20). Because the sufficiency of the indictment was squarely presented to the highest state court and that court held that the trial court had jurisdiction over this case, this claim is foreclosed to federal habeas review. *Wood*, 503 F.3d at 412.

E.     **Petitioner's State Habeas Proceeding (Claim 6).**

In his final allegation, petitioner appears to challenge the TCCA's denial of his state habeas application without a written order. Such a claim does not entitle petitioner to relief because alleged

errors or irregularities occurring in state habeas proceedings do not raise cognizable claims for federal habeas relief. *See Henderson v. Stephens*, 791 F.3d 567, 578 (5th Cir. 2015) ("infirmities in state habeas proceedings do not constitute grounds for federal habeas corpus relief"); *Ladd v. Stevens*, 748 F.3d 637, 644 (5th Cir. 2014) (same). This is because an attack on the validity of a state habeas corpus proceeding does not impact the validity of the underlying state criminal conviction. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (reiterating that "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.") (citations omitted). For this reason, petitioner's complaint concerning his state habeas corpus proceeding does not furnish a basis for federal habeas corpus relief.

### IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the

Court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during petitioner's state trial, appellate, and habeas corpus proceedings. Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Milton Wayne Nettles's § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 6th day of October, 2020.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE